## Spragens, Trustee, et al. v. Phillips, Executrix, et al.

(Decided July 1, 1924.)

### Appeal from Marion Circuit Court.

Wills—Wife Held Not to have Right to Take any Part of Corpus, but to Use and Control Income.—A will giving all property to wife during her life and widowhood, and making disposition of estate remaining on her death, held to give wife only life estate, with right to use and control and enjoy income, without right to take and convert any of corpus to her sole and separate use, save such as might be consumed by use.

C. C. BOLDRICK, H. P. COOPER and P. K. McELROY for appellants.

H. S. McELROY, C. S. HILL, BECKHAM, HAMILTON & BECKHAM and W. T. BECKHAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

In the year 1913, Joe C. Phillips, a resident of Marion county, died testate, leaving an estate of the value of about $40,000.00. Deceased left surviving him a wife, now appellee, Alice W. Phillips, and two sons, J. W. Phillips and L. W. Phillips, all of whom are yet living.

Shortly before his death Joe C. Phillips made a will, the first item of which provides for the payment of all his just debts. The 2nd, 3rd, 5th, 7th and 8th items read as follows:

"*Item Two*: All the property, real estate, personal property or mixed property, and of every kind and description, *whever* situated, which I own and possess, I give the entire use and control thereof, along with all income upon same, unstinted and unlimited, unto my beloved wife, Alice Winchester Phillips, during her life and of her widowhood.

"*Item Three*: My executrix, hereinafter named, may sell any part, or the whole of my real estate, and make full and complete title to same, just the same as I could myself, if living, and make conveyance of any part, or of the whole of said real estate, without going into court for that purpose or that power whatever.

"*Item Five*: I want it well understood, in the event my wife as executrix under this will, sells and conveys any portion of my real estate, that she shall have the use of and income upon all the money thus derived from the sale of my real estate as is fully indicated in the above item No. 2 of this my will.

"*Item Seven*: At the death of my beloved wife, I hereby set apart one-third of all my estate remaining at that date, in trust, in the hands of my friend, J. A. Kelly, of Lebanon, Ky., as trustee for my beloved son, L. W. Phillips. The annual income upon this fund is to be paid over each year during the life of said L. W. Phillips unto him. This is done for his welfare and not otherwise. Be it understood that L. W. Phillips may dispose of this fund, at his death, if he shall have heirs then living of his body. If he, L. W. Phillips, shall have no heirs living, at the time of his death, then above fund shall at death of L. W. Phillips go and belong to my son J. W. Phillips. In the event of the death of J. W. Phillips, before that of L. W. Phillips, then I want said fund to be divided as follows, to-wit: Mrs. Mollie Avritt, Mrs. Julia Exall, Mrs. Elizabeth Lewis and J. C. Phillips and to C. C. Phillips, however, C. C. Phillips' part to be trusteed by J. C. Phillips. And Mrs. Virginia Phillips one hundred dollars, and likewise the same amount to each of her children.

"*Item Eight*:   At the death of my beloved wife, the remaining two-thirds of my estate then remaining, is here willed in fee simple, absolutely to my beloved son, J. W. Phillips."

A large part of the estate consists of personal property, some of which was live stock, farming machinery, farming products, bonds, and money on deposit in bank. The will was probated more than ten years ago; and the live stock, farming implements, farm products and such personal property have necessarily been largely, if not entirely, consumed by use, but the lands, cash in bank, and that realized from the sale of real estate we must presume are intact.

By the second item of the will the testator gave to his wife a life estate only, in all of his property, real, personal and mixed. He defined it in the following language: "I give the entire use and control thereof (property) along with all income upon same, . . . unto my beloved wife . . . during her life." She was to have the property only during her life. She took no fee. The testator gave her only the use and control of the property, but he gave her absolutely the income arising from it. He no doubt estimated the income sufficient to maintain her. The same fact is emphasized in item five, wherein the testator again says: "She shall have the use of and income upon all the money thus derived from the sale of any real estate as is fully indicated in the above item two of this my will." To make it certain that he did not intend to give his wife a fee in any part of his property save only that which might be consumed by use, he by the seventh item says: "At the death of my beloved wife I hereby set apart one-third of all my estate remaining at that date, in trust, in the hands of my friend, J. A. Kelly, Lebanon, Ky., as trustee for my beloved son, L. W. Phillips. The annual income upon this fund is to be paid over each year during the life of said L. W. Phillips unto him. This is done for his welfare and not otherwise. . . . "

By the eighth item it is provided: "At the death of my beloved wife the remaining two-thirds of my estate then remaining, is here willed in fee simple, absolutely to my beloved son, J. W. Phillips." Construing the will as a whole according to well established rules, we must hold that the wife took only a life estate in the property devised by the will with the right to use and control all

of said property and to enjoy the income thereof so long as she lived, but she had no right to take or convert any part of the property to her sole and separate use, save such, as might be consumed by use, such as the farming implements, farm products, live stock and property of like character. While she had power, as executrix, to sell and dispose of the real property, the testator made it very plain in item five that the money arising from the sale was to remain a part of his estate, his wife to take only the income or interest arising from such money but not the corpus of the estate.

The able trial judge held that the wife took "a life estate in all the real and personal property of Joe C. Phillips and that she may encroach upon the principal of said estate during her life and so far as may be necessary for her support, pleasure and maintenance." In holding that the wife could encroach upon the corpus so far as necessary for her support, pleasure and maintenance, the court was in error. She had no right to take any part of the corpus save to use, control and possess the same except where the use, control and possession necessarily, from its nature, consumed the property. Where from the nature of the property, the use and possession through a long number of years necessarily consumed the same she was within her rights and was not and is not liable for the consumption or obliteration of the property. She must account for the corpus of the lands, bonds, money on deposit, and such things from which she was entitled to take the interest and income only.

For the reasons indicated the judgment is reversed for proceedings not inconsistent with this opinion.

Judgment reversed.